IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

FILED
APR 14 2025
FORREST COUNTY CIRCUIT CLERK

R. GARLAND STEADMAN AND SUSAN K. STEADMAN — PLAINTIFFS

vs. — CIVIL ACTION NO. 25-72

STATE FARM FIRE AND CASUALTY COMPANY — DEFENDANT

COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs R. Garland Steadman and Susan K. Steadman file this *Complaint* against Defendant State Farm Fire and Casualty Company, and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiffs R. Garland Steadman and Susan K. Steadman (collectively, "Plaintiffs") are adult resident citizens of Forrest County, Mississippi.

2. Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm") is an insurance company with home offices in Bloomington, IL authorized to transact and doing business in the State of Mississippi. State Farm may be served with process through the Mississippi Commissioner of Insurance or its registered agent for service of process, United States Corporation Company, 109 Executive Drive, Suite 3, Madison, MS 39110.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction over this matter and venue is proper in Forrest County, Mississippi, as the acts complained of occurred in whole or in part in Forrest County, Mississippi.



EXHIBIT "A"

## III. FACTS

4. Plaintiffs are the owners of a residential property located at 4 Fair Lake Drive, Hattiesburg, Mississippi (the "Insured Property").

5. At all relevant times, the property was insured under a homeowners' insurance policy issued by State Farm, bearing Policy No. 24-18-8168-1.

6. On or about April 15, 2022, the Insured Property sustained hail damage. Plaintiffs timely submitted a claim to State Farm, identified as Claim No. 24-33L3-22D.

7. On or about May 5, 2023, the Insured Property suffered additional wind-related damage, including water intrusion and interior damage. Plaintiffs submitted a second claim, identified as Claim No. 24-49J4-51G.

8. Plaintiffs provided timely notice, cooperated fully with State Farm's inspections, and submitted satisfactory proof of loss, including supporting documentation, cost estimate(s), and/or damage reports.

9. State Farm should have fully replaced the roof following the 2022 storm. State Farm's failure to timely and adequately analyze and address this damage allowed vulnerabilities to persist in the roofing system. As a result, when the property was subjected to high winds and rainfall during the 2023 storm, those vulnerabilities likely contributed to water intrusion and additional interior damage. These losses could have potentially been avoided had State Farm properly handled the 2022 claim.

10. Despite this, State Farm denied and/or failed to reasonably compensate Plaintiffs as to both claims, either asserting that damage did not exceed the deductible or that there was no accidental direct physical loss, and refused to pay for repairs.

11. State Farm's denial of coverage was arbitrary, capricious, and without reasonable justification.

## IV. CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

12. Plaintiffs entered into a valid and enforceable insurance contract with State Farm. Plaintiffs have fulfilled all obligations under the Policy.

13. State Farm breached the contract by failing to pay covered benefits owed for the hail and wind damage.

14. As a direct result of Defendant's breach, Plaintiffs have suffered damages, including but not limited to the cost of repairs and related expenses.

### COUNT II – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

15. State Farm owed Plaintiffs a duty to adjust the claim fairly and in good faith.

16. State Farm breached this duty by failing to properly investigate, undervaluing damage, and failing to make payment on clearly covered losses.

17. Defendant's conduct was intentional, reckless, and in bad faith, warranting imposition of punitive damages.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant be duly cited to appear and answer this Complaint and that after due proceedings are had, judgment be entered in favor of Plaintiffs and against Defendant for:

a. All contractual damages, including repair and remediation expenses;
b. Additional living expenses and/or loss of use expenses;
c. Loss of personal property;
d. Inability to make appropriate repairs due to inadequate insurance payments;

e. Diminution in value of property;
f. Attorneys' fees and costs;
g. Extra-contractual damages including emotional distress;
h. Punitive damages;
i. Pre- and post-judgment interest;
j. other losses which will be proven through discovery or at the trial of this matter; and
k. Any other relief to which Plaintiffs may be entitled under law or equity.

RESPECTFULLY SUBMITTED, this the 11th day of April, 2025.

R. GARLAND STEADMAN AND
SUSAN K. STEADMAN

By: John P. Martin
John P. Martin, their attorney

John P. Martin (MSB #103898)
MARTIN LAW, PLLC
141 West Peace Street
Canton, MS 39046
jmartin@johnpmartinlaw.com
Phone: (601) 667-4746
***Attorney for Plaintiffs***
***R. Garland Steadman and Susan K. Steadman***